THOMAS J. J. PATILLO, plaintiff in error, *vs.* JOHN M. CUTLIFF *et al.*, defendants in error.

1  Where a portion of a public road is assigned under sections 621, 624, of the Code, the person receiving the assignment becomes a *quasi* commissioner, is liable to the same penalties, and must be punished for neglect of duty in the same manner as a commissioner.

2.  The commissioners' court, therefore, has no jurisdiction in such a case.

Roads and bridges.   County matters.   Jurisdiction.   Before Judge WRIGHT.   Dougherty Superior Court.   April Term, 1876.

Reported in the decision.

R. N. ELY, for plaintiff in error.

D. H. POPE; B. B. POWER; W. T. JONES, for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the road commissioners' court of Dougherty county. After hearing the *certiorari* the court overruled the grounds of error alleged therein, whereupon the plaintiff in *certiorari* excepted.   It appears from the record that Patillo, the plaintiff in

*certiorari,* had a portion of the public road assigned to him to work, under the provisions of the 621, 622, 623 and 624th sections of the Code. That the road commissioners summoned him before them for neglect of duty in not working the road which had been apportioned to him, and he failing to appear, they fined him $50 00.

1. Whether the commissioners fined him for neglect of duty in not working the road assigned him, or for failing to appear and answer the summons, is not so clear, though it would seem that he was fined for failing to appear and answer the summons as there does not appear to have been any evidence before the commissioners that he had neglected to keep the road assigned him in good repair, and the 624th section only authorizes the penalty imposed on commissioners, to be imposed on those who have a portion of the public road assigned them, when they neglect to keep it in good repair, but their hands are liable for the usual road fines imposed on other road hands for neglect of duty. Thus it will be seen that the imposition of the usual road fines upon the hands assigned to a person, with which to work a portion of the public road, for neglect of duty in not keeping that road in repair, is one thing; the imposition of a fine upon the person who procures a certain portion of the public road to be assigned to him to work with a specified number of hands, for neglect of duty in keeping not it in repair, as is imposed on commissioners of roads for their neglect of duty as provided by the 661st section of the Code, is another and quite a different thing. In the one case the road commissioners have the jurisdiction and authority to impose the usual fines on the hands for neglect of duty in not keeping such apportioned road in repair. In the other, the person who procures and accepts a portion of the public road for himself and hands to work and keep in repair, and neglects to do so, is made liable to all the penalties and forfeitures to which commissioners are liable for neglect of duty. To what penalties and forfeitures are commissioners liable for neglect of duty under the law, and in what manner is that liability to be ascertained? The liability of road commissioners

Patillo *vs.* Cutliff.

for neglect of duty is to be ascertained by the presentment of the grand jury, and an investigation of the charge, as provided by the 661st section of the Code, and if the accusation is made out by proof, the judge shall fine the commissioners not less than $50 00 nor more than $200 00. Now, as the plaintiff in *certiorari* is made liable to all the penalties and forfeitures to which commissioners are liable for neglect of duty, should not his liability be ascertained in the same manner and by the same tribunal as commissioners? The plaintiff in *certiorari* was a *quasi* commissioner of the road and hands apportioned to him, and it was evidently the intention of the legislature that he should be punished as such for not keeping that road in good repair, as he undertook to do when he accepted the same.

2. The jurisdiction of justices of the peace is limited to the sum of $100 00, and surely it could not have been the intention of the legislature to give to road commissioners a greater or more extensive jurisdiction than justices of the peace, and yet they would have, under the power and authority claimed for them in this case, jurisdiction to impose a penalty of $200.

In our judgment, the road commissioners did not have jurisdiction to impose the penalty of $50 00 for neglect of duty in not working the road apportioned to plaintiff in *certiorari*, but in order to subject him to the penalty, as prescribed by the 661st section of the Code, he must be proceeded against as provided by that section. Whenever the jurisdiction of a court is one of limited power and authority, and it is a doubtful question whether it has jurisdiction of the subject matter in controversy, the safer rule is to deny the jurisdiction. The refusal to sustain the plaintiff's *certiorari*, and overruling the same, was error.

Let the judgment of the court below be reversed